UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
2178 ATLANTIC REALTY LLC, and
NOTEWORTHY FORECLOSURE LLC,

                      Appellants,

   - against -

2178 ATLANTIC AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

                      Appellee.
-----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM & ORDER**
20-CV-1278 (RRM)

      Appellants Noteworthy Foreclosure LLC and 2178 Atlantic Realty LLC bring this appeal of an order extending Appellee 2178 Atlantic Avenue Housing Development Fund Corporation's time to regain title to the property located at 2178 Atlantic Avenue, Brooklyn ("the Property"). Appellee now moves to dismiss the appeal for lack of jurisdiction. For the reasons set forth below, Appellee's motion is granted.

## BACKGROUND

Factual Background

      The Court assumes the Parties' familiarity with the underlying facts and procedural history of this appeal. For purposes of this Order, however, the following facts are relevant and are set forth as follows.

      Appellee, a sweat-equity real estate non-profit corporation, was organized in 1980 by the tenants of the Property. (Appellee Mot. Dismiss (Doc. No. 18) ¶¶ 5–6.) That same year, Appellee purchased the Property and granted the United States Department of Housing and Urban Development ("HUD") a mortgage on the Property as security for a loan. (*Id.* ¶ 6.) The mortgage and loan were assigned to Bayview Loan Servicing, which on October 28, 2013, filed a

complaint in New York Supreme Court seeking to foreclose the mortgage.  (*Id.* ¶ 7; Appellant Opp. (Doc. No. 24) at 8.)[1]  The New York Supreme Court entered a judgment of foreclosure and sale on June 17, 2016, in favor of Bayview.  (Appellee Mot. Dismiss ¶ 6.)  On June 24, 2019, the Appellants, next assignees of the mortgage and loan, noticed a foreclosure auction of the Property for July 18, 2019.  (*Id.* ¶ 6.)  Appellants were declared the successful bidder at the auction.  (*Id.*)  Despite the auction, the New York Supreme Court granted Appellee the right to regain title to the Property by paying Appellants in full within 90 days.  (*Id*; Appellant Opp. at 7–8.)  On October 23, 2019, the New York Supreme Court entered an order granting a 60-day extension of this equitable repurchase period to December 22, 2019, and stated that this was to be the final extension.  (Appellant Opp. at 8.)

Appellee filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York on December 4, 2019.  *In re 2178 Atlantic Ave HDFC*, No. 19-47287 (Bankr. E.D.N.Y.) (ECF No. 1-2).  On January 21, 2020, Appellee filed a plan of reorganization under Chapter 11 of the Bankruptcy Code, with an accompanying disclosure statement, providing that all creditors would be paid in full in cash.  *In re 2178 Atlantic Ave HDFC* (ECF No. 35). Appellee filed an amended plan of reorganization and accompanying disclosure statement on March 5, 2020.  *In re 2178 Atlantic Ave HDFC* (ECF No. 95).

Section 108(b) of the Bankruptcy Code provides that if "an order entered in a nonbankruptcy proceeding … fixes a period within which the debtor … may cure a default, … and such period has not expired before the date of filing the petition" then such time is extended for "60 days from the order of relief."  11 U.S.C. § 108(b).  Appellee's time to regain title to the Property, therefore, was extended by operation of § 108(b) for 60 days following the filing of the

---

[1] All page numbers refer to ECF pagination.

Chapter 11 petition.  On February 3, 2020, Appellee moved for an extension of the § 108(b) period.  *In re 2178 Atlantic Ave HDFC* (ECF No. 50).  After an evidentiary hearing on February 19, 2020, and a bench ruling on February 24, 2020, Judge Stong entered an extension order granting the motion and, under the equitable powers granted in 28 U.S.C. § 105, extending the time provided for Appellee to regain title to the Property pursuant to the New York Supreme Court order for another 60 days.  *In re 2178 Atlantic Ave HDFC* (ECF docket order 2/24/2020); Hearing Transcript (Doc. No. 1-4).  As of the filing of this motion, this deadline had been extended, on consent, three times.  (Appellee Mot. Dismiss ¶ 8.)

On March 18, 2020, Appellants filed a notice of appeal of the February 24, 2020, extension order.  *In re 2178 Atlantic Ave HDFC* (ECF No. 101); Notice of Appeal (Doc. No. 1). Appellants subsequently filed a statement of issues and designation of the record, *In re 2178 Atlantic Ave HDFC* (ECF No. 130), but they did not file a motion for leave to appeal.

On April 10, 2020, Appellants filed a motion in Bankruptcy Court for stay of confirmation of Appellee's plan of reorganization, pending the appeal of the extension order.  *In re 2178 Atlantic Ave HDFC* (ECF No. 121).  On April 27, 2020, after a hearing, Judge Stong denied the stay motion on multiple grounds.  Among other reasons, Judge Stong held that the extension order was interlocutory and did not meet the standards for a discretionary appeal. (Appellee Mot. Dismiss, Exhibit A at 123–124; 127–132.)  Judge Stong entered an order denying the stay motion on April 29, 2020.  *In re 2178 Atlantic Ave HDFC* (ECF No. 166).

Appellants moved for an emergency temporary restraining order from this Court on April 29, 2020, which was denied.  (4/29/2020 docket order.)  Appellants filed an objection to the plan of reorganization, but thereafter withdrew their objection and consented to confirmation of the plan.  (Appellee Mot. Dismiss ¶ 13.)  The plan was confirmed by order of Judge Stong on May 1,

3

2020.  *In re 2178 Atlantic Ave HDFC* (ECF No. 178).  Appellants did not appeal the confirmation order.  As of the filing of the instant motion, the plan had yet to go into effect due to, among other things, an automatic stay which arose when Appellant filed a Chapter 11 petition of their own in the Bankruptcy Court for the Southern District of New York.  (Appellee Mot. Dismiss ¶¶ 14–16.)

The Instant Motion

Appellee now moves to dismiss the appeal of the extension order for lack of jurisdiction. First, Appellee argues that the extension order is not a "final order" within the meaning of 28 U.S.C. § 158(a), and therefore cannot be appealed as a matter of right.  (Appellee Mot. Dismiss ¶¶ 17–20.)  Second, Appellee asserts that Appellants have failed to meet the standard for discretionary interlocutory appeals under 28 U.S.C. § 158(a)(3) as set forth in 28 U.S.C. § 1292(b).  (*Id*. ¶¶ 21–33.)  With respect to this latter assertion, Appellee advances four arguments. First, Appellee argues that Appellants cannot meet their burden because the extension order was a factual determination, not a pure question of law, and so does not involve a controlling question of law.  (*Id*. ¶¶ 22–26.)  Second, Appellee argues the extension of the § 108(b) time pursuant to § 105(a) is supported by substantial case law, so Appellants have not shown a substantial difference of opinion.  (*Id*. ¶¶ 27–30.)  Third, Appellee argues that the instant appeal does not materially advance the ultimate termination of litigation.  (*Id*. ¶¶ 31–32.)  Finally, Appellee asserts that Appellants have failed to demonstrate that exceptional circumstances exist that warrant an interlocutory appeal.  (*Id*. ¶ 33.)

In response, Appellants assert that the instant appeal should not be dismissed for lack of jurisdiction because the extension order constituted a final order within the expansive meaning of 28 U.S.C. § 158(a).  (Appellant Opp. at 10–14.)  Appellants assert that the extension order was

issued after an independent proceeding, including briefing and a hearing, and was based upon a statutory question that is different from the usual claims-adjudication process, which constitutes a final order as set forth in *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 589 (2020). (*Id*. at 11–13.)  Appellants also request, in the event the Court finds that the extension order is not a final order, that their motion papers be considered a request for leave to bring an interlocutory appeal. (*Id*. at 6.)  In support of this motion, Appellants argue that the extension order involves a controlling issue of law because reversal of the order would materially affect the outcome of the litigation by making reorganization impossible. (*Id*. at 14.)  Additionally, Appellants assert that it is not settled law whether or when a court may apply the equitable powers of § 105 to the 60-day deadline imposed by § 108, and furthermore that Judge Stong did not make the proper findings to support her decision. (*Id*. at 15–18.)  And, Appellants argue that the immediate appeal would advance termination of the litigation because it will cause Appellee to be unable to reorganize. (*Id*. at 18–19.)  Finally, Appellants assert that it is "exceptionally ironic" for Appellee to claim that there are no exceptional circumstances justifying an appeal when the underlying issue concerns a "first-of-its-kind exercise of a Court's general equitable powers to enlarge a statutory time period written into the Bankruptcy Code." (Appellant Opp. at 19.)

In reply, Appellee distinguishes the instant appeal from the denial of relief from an automatic stay in *Ritzen*, arguing that the extension order was decided without prejudice to Appellants' rights to pursue other remedies in Bankruptcy Court, including the right to contest the reorganization plan – a right which Appellants chose not to exercise. (Appellee Reply (Doc. No. 28) ¶¶ 3–7.)  Appellee reiterates that Appellants have failed to meet their burden for

interlocutory review, and emphasizes that this appeal would not hasten the termination of the underlying bankruptcy case, but prolong it. (*Id.* ¶¶ 8–20.)

## DISCUSSION

**I.      Whether the Extension Order is Final and Therefore Appealable as of Right**

An appeal may be taken as of right from "final judgments, orders, and decrees entered by bankruptcy courts in cases and proceedings." *Ritzen*, 140 S.Ct. at 586 (citing 28 U.S.C. § 158(a)). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case.'" *Id.* (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). A proceeding "initiates a discrete procedural sequence, including notice and a hearing, and the creditor's qualification for relief turns on the statutory standard, i.e., 'cause' or the presence of specified conditions." *Ritzen*, 140 S. Ct. at 589. However, courts "should not define 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold…. '[T]he concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time.'" *Id.* at 590 (quoting *Bullard*, 575 U.S. at 505). Additionally, the question of appealability "should be determined for the entire category to which a claim belongs." *Ritzen*, 140 S.Ct. at 591 (internal quotation marks and citation omitted).

The extension order is not a final order under this standard. The extension order provided Appellee with an extension of time under which to exercise the equitable remedy fashioned by the New York Supreme Court. The extension of time did not resolve a discrete dispute, other than the dispute over the extension itself. Though Appellants assert that the extension order is a final order because it had the ultimate effect of enabling Appellee to exercise their equitable

remedy, inhibited Appellants from taking possession of the property, and "made confirmation of a reorganization plan possible," (Appellant Opp. at 13), the determination of whether an order is a "final order" must be determined for the entire category of orders to which this claim belongs. This extension of time may have been particularly consequential in the case below, but it is still an extension of time. Accordingly, the extension order is not a final order within the meaning of § 158(a) and is therefore not appealable as of right.

## II.     Whether Appellants Have Met Their Burden for Interlocutory Review

A district court may grant leave to appeal an interlocutory order from the bankruptcy court below. 28 U.S.C. § 158(a)(3). "[C]ourts in this Circuit have invariably held [that] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *McKenzie-Gilyard v. HSBC Bank Nev., N.A.*, 08-CV-160 (SLT), 2008 U.S. Dist. LEXIS 50262, at *7 (E.D.N.Y. June 30, 2008) (internal citations and quotation marks omitted). Under § 1292(b), to permit an interlocutory appeal, the order being appealed from must (1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of litigation. *See* 28 U.S.C. 1292(b); *see also Veeraswamy v. Jones*, 19-CV-2137 (MKB), 2019 U.S. Dist. LEXIS 70927, at *2–3 (E.D.N.Y. Apr. 26, 2019).

As to the first prong, an order involves a controlling question of law where "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018). "In addition, the question of law must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy*, 2019 U.S. Dist.

LEXIS 70927, at *3 (internal quotation marks and citations omitted).  With respect to the second prong, there is substantial ground for a difference of opinion where (1) "there is conflicting authority on the issue" or (2) "the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558 (internal citation omitted).  Finally, as to the third prong, an immediate appeal may materially advance the ultimate termination of the litigation when the "appeal promises to advance the time for trial or to shorten the time required for trial." *Id*.

"[A]ll three requirements . . . must be met for a [c]ourt to grant leave to appeal." *Veeraswamy* at *3.  Appellants also bear the burden of showing that "exceptional circumstances exist that warrant an interlocutory appeal, to justify a departure from the basic policy of avoiding appellate review until a final decision on the merits."  *Osuji*, 285 F. Supp. 3d at 558.

The Court declines to grant leave to Appellants to appeal the extension order because not all three requirements are met.  This appeal does not present a pure question of law that could be decided without close study of the record; the appeal would necessitate a review of the record to determine whether Judge Stong appropriately found that exceptional or extraordinary circumstances existed to support extending the § 108 deadline under the equitable powers granted in § 105.  *Cf. Buckskin Realty, Inc. v. Greenberg*, 552 B.R. 40, 45 (E.D.N.Y. 2016) (An appeal of an extension of time granted by the discretion of the bankruptcy judge was not a pure question of law because assessing whether the judge abused her discretion would necessitate review of the factual record).  Further, an appeal here does not promise to advance the time for trial or other resolution of the bankruptcy dispute, but rather to prolong it by inhibiting reorganization and prompting additional litigation over Appellee's only major asset.  Finally, Appellants have not met their burden of demonstrating that exceptional circumstances exist that

warrant an interlocutory appeal, but argue only that it is "exceptionally ironic" to state that exceptional circumstances justified the extension of time but not the appeal of that extension to this Court.

Accordingly, because the requirements for granting an interlocutory appeal are not met, and because Appellants have not demonstrated exceptional circumstances, the Court declines to grant Appellants leave to bring this interlocutory appeal under 28 U.S.C. § 158(a)(3).

## CONCLUSION

For the reasons stated above, this appeal is dismissed for lack of jurisdiction under 28 U.S.C. § 158(a).

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge